# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>MISAEL GONZALEZ,<br>　　　　　　　　　　Defendant. | CASE NO. 09cr1115 BTM<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT DUE TO INVALID DEPORTATION** |

Defendant Misael Gonzalez has filed a motion to dismiss the indictment due to an invalid deportation. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

Defendant is a citizen of Mexico, who obtained legal residence in the United States as an agricultural worker in 2002. On January 8, 2002, Defendant pled guilty to sexual abuse of a minor under the age of fourteen in violation of Oregon Revised Statute ("ORS") § 163.427. Defendant was sentenced to a 28-month term of imprisonment.

On February 17, 2002, Defendant was served with a Notice to Appear, which charged that Defendant was deportable because he was convicted of an aggravated felony as defined in Section 101(a)(43)(A) of the Immigration and Nationality Act. (Def. Ex. C.)

On November 24, 2003, Defendant appeared before an Immigration Judge ("IJ") for removal proceedings. Defendant was not represented by an attorney. The IJ advised

Defendant that he had the right to be represented by an attorney of his own choice and at his own expense and offered to continue the hearing so that Defendant could try to find an attorney. (Transcript of 11/24/03 hearing (Def. Ex. B) at 1.) Defendant declined the extension of time, explaining, "No, I want to leave as, as soon as possible." (Id.) After confirming that Defendant was a citizen of Mexico, Defendant's parents were not citizens of the United States, and Defendant was convicted in Oregon of the offense of sexual abuse in the first degree, the IJ found that Defendant was not eligible for any relief and ordered Defendant removed to Mexico. (Id. at 3-5.) The IJ asked Defendant whether he wised to reserve the right to appeal. Defendant responded, "I want to leave immediately," and "I don't want to appeal." (Id. at 5.)

On or about November 24, 2003, Defendant was removed to Mexico. Subsequent to his removal, Defendant reentered the United States and was removed to Mexico again in 2008 upon reinstatement of the removal order. On or about January 20, 2009, a U.S. Border Patrol Agent apprehended Defendant north of the border. On March 25, 2009, a grand jury in the Southern District of California returned a one-count Indictment, charging Defendant with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b).

## II. DISCUSSION

Defendant contends that the 2003 removal order was invalid because: (1) the IJ failed to inform Defendant of his eligibility for voluntary departure; and (2) Defendant's waiver of counsel during the removal proceedings was invalid. The Court rejects both of these arguments.

A. 1326(d) Collateral Attack

To sustain a collateral attack under 8 U.S.C. § 1326(d), a defendant must demonstrate that (1) he exhausted all administrative remedies available to him to appeal his removal order; (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was

fundamentally unfair. United States v. Ubaldo-Figueroa, 364 F.3d 1047, 1048 (9th Cir. 2004). An underlying deportation order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. Id.

An alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order. United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000). However, the exhaustion requirement of 8 U.S.C. 1326(d) "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." United States v. Muro-Inclan, 249 F.3d 1180, 1183 (9th Cir. 2001). "[A] waiver is not considered and intelligent when the record contains an inference that the petitioner is eligible for relief from deportation, but the Immigration Judge fails to advise the alien of this possibility and give him the opportunity to develop the issue." Id. at 1182 (internal quotation marks omitted).

B. <u>Voluntary Departure</u>

Defendant contends that his conviction for violating ORS § 163.427 does not constitute "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). Therefore, Defendant argues, he was not convicted of an aggravated felony and was eligible for voluntary departure under 8 U.S.C. § 1229c(b)(1).

In Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir. 2008), the Ninth Circuit analyzed whether violations of California Penal Code §§ 261.5(c), 286(b)(1), and 289(b), California's statutory rape provisions, constitute "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A).[1] The Ninth Circuit explained that the elements of the generic offense of "sexual abuse of a minor" are enumerated in 18 U.S.C. § 2243 (Sexual Abuse of a Minor or Ward). The four elements are: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four

---

[1] 8 U.S.C. § 1101(a)(43)(A) defines "aggravated felony" as "murder, rape, or sexual abuse of a minor."

years between the defendant and the minor. Id. at 1152. The Ninth Circuit held that California's statutory rape provisions did not meet the generic definition of "sexual abuse of a minor" because they did not contain the fourth element – i.e., an age difference of at least four years between the defendant and the minor.

Relying on Estrada-Espinoza, Defendant argues that ORS § 163.427 must contain all of the elements required by 18 U.S.C. § 2243 to qualify as an aggravated felony. According to Defendant, ORS § 163.427 is missing the element of a mens rea level of "knowingly" and therefore does not satisfy the generic definition of "sexual abuse of a minor."[2] However, Defendant's reliance on Estrada-Espinoza is misplaced.

In United States v. Medina-Villa, __F.3d__, 2009 WL 1476981 (9th Cir. 2009), the Ninth Circuit reaffirmed its prior holding that a violation of California Penal Code § 288(a), which prohibits lewd and lascivious acts with a child under the age of fourteen, constitutes "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). The Ninth Circuit limited the holding of Estrada-Espinoza to the context of statutory rape statutes, and explained that § 2243 does not define "sexual abuse of a minor" as applicable to younger children: "[G]iven that our holding was intended to define statutory rape laws only, Estrada-Espinoza in no way undermines our prior conclusion that '[t]he use of young children for the gratification of sexual desires constitutes abuse.'" Id. at * 7 (quoting United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999)).

Under the reasoning of Medina-Villa, the determination of whether Defendant's conviction under ORS § 163.427 constitutes "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A), is not governed by the elements of § 2243. ORS § 163.427 provides:

> (1) A person commits the crime of sexual abuse in the first degree when that person:

---

[2] It is unclear why Defendant chose to focus on this element because ORS §163.427 also lacks the element of an age difference of at least four years between the victim and the defendant. At any rate, the mental state of "knowingly" is implicit in the definition of ORS § 163.427. State v. Mayer, 146 Or. App. 86, 90-91 (1997) (explaining that the crime of sexual abuse of a minor is defined in terms of "an awareness of the nature of one's conduct" and that, therefore, the relevant mental state is "knowingly").

>   (a) Subjects another person to sexual contact and:
>
>       (A) *The victim is less than 14 years of age*;
>
>       (B) The victim is subjected to forcible compulsion by the actor; or
>
>       (C) The victim is incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless; or
>
>   (b) Intentionally causes a person under 18 years of age to touch or contact the mouth, anus or sex organs of an animal for the purpose of arousing or gratifying the sexual desire of a person.
>
>   (2) Sexual abuse in the first degree is a Class B felony.

(Emphasis added.)  A violation of ORS § 163.427 by sexual contact with a minor under the age of fourteen is "sexual abuse of a minor" as defined by 8 U.S.C. § 1101(a)(43)(A), because the proscribed conduct is "sexual," is "abuse," and is against a "minor."  Medina-Villa, 2009 WL 1476981 at * 5.  See also Baron-Medina, 187 F.3d at 1147 (explaining that the use of young children for the gratification of sexual desires constitutes an abuse); United States v. Medina-Maella, 351 F.3d 944 (9th Cir. 2003) (same).[3]

Because ORS § 163.427 also proscribes conduct that does not constitute sexual abuse of a minor, the Court utilizes the modified categorical approach to determine whether Defendant was convicted of "sexual abuse of a minor."  The Court's inquiry is limited "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information."  Shepard v. United States, 544 U.S. 13, 26 (2005).

---

[3] The Court notes that in the unpublished case, Datt v. Mukasey, 278 Fed. Appx. 794, 796 n.2 (9th Cir. 2008), the Ninth Circuit concluded, "A conviction for sexual abuse in the first degree under ORS § 163.427 constitutes the sexual abuse of a minor, which is an aggravated felony that supports a charge of removability under 8 U.S.C. § 1227(a)(2)(A)(iii)."

The Information filed against Defendant charged Defendant with one count of violation of ORS § 163.427, and specified:

> That said MISAEL GONSALEZ-GONSALEZ . . . between January 1, 1995, and February 21, 1998, in the said County of Jackson and State of Oregon, then and there being, did unlawfully and knowingly subject a person under the age of 14 years, to sexual contact, by touching her vaginal area, a sexual or intimate part of [victim's name], contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

(Gov't Ex. 2.) In a Petition to Enter Plea of Guilty, Defendant requested that the Court accept his plea of guilty to Count One and asserted that the factual basis of his plea was "as alleged in the District Attorney's Information." (Id.)

The record of conviction unequivocally establishes that Defendant was convicted of "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). Therefore, Defendant was convicted of an aggravated felony and was not eligible for voluntary departure. 8 U.S.C. § 1229c(b)(1). Because Defendant was not eligible for voluntary departure, the IJ did not violate Defendant's due process rights by failing to advise him of the availability of such relief.

C. Waiver of Counsel

Defendant argues that he was denied his right to counsel during the deportation hearings. Defendant's argument fails because he cannot show that he was potentially prejudiced as a result of any denial of counsel.

The Ninth Circuit has held:

> Although IJs may not be required to undertake Herculean efforts to afford the right to counsel, at a minimum they must [ (1) ] inquire whether the petitioner wishes counsel, [ (2) ] determine a reasonable period for obtaining counsel, and [ (3) ] assess whether any waiver of counsel is knowing and voluntary.

Biwot v. Gonzales, 403 F.3d 1094, 1100 (9th Cir.2005). In order to proceed without counsel, an IJ must inquire whether there is good cause to grant the alien more time to obtain counsel or, in the absence of a showing of good cause, must determine that the right to counsel has been forfeited. Ram v. Mukasey, 529 F.3d 1238, 1242 (9th Cir. 2008).

In this case, even if the IJ did not adequately assess whether Defendant's waiver of

counsel was knowing and voluntary, to establish a denial of due process, Defendant must show that "the denial of his right to counsel potentially affected the outcome of the proceedings." Ram, 529 F.3d at 1242.

Defendant has not explained how the outcome of the proceedings would have been different if he were represented by counsel. As discussed above, Defendant was convicted of an aggravated felony and was ineligible for voluntary departure. Therefore, Defendant's due process rights were not violated by denial of the right to counsel.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss indictment is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 16, 2009

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge